# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

2020 KA 1209

STATE OF LOUISIANA

VERSUS

KEVIN MAURICE WILLIAMS

Judgment Rendered: **OCT 0 4 2021**

\* \* \* \* \* \* \*

APPEALED FROM THE NINETEENTH JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER 04-18-0780

HONORABLE BEAU HIGGINBOTHAM, JUDGE

\* \* \* \* \* \* \*

Hillar C. Moore, III
District Attorney
Dylan C. Alge
Assistant District Attorney
Baton Rouge, Louisiana

Attorneys for Appellee
State of Louisiana

Meghan Harwell Bitoun
New Orleans, Louisiana

Attorney for Defendant/Appellant
Kevin Maurice Williams

**BEFORE: McDONALD, LANIER, and WOLFE, JJ.**

**McDONALD, J.**

The defendant, Kevin Maurice Williams, was charged by bill of information with two counts of armed robbery with the use of a firearm (counts one and two), violations of La. R.S. 14:64 and La. R.S. 14:64.3. He pled not guilty on both counts.[1] Following a trial by jury, the defendant was found guilty as charged on both counts. The defendant was sentenced to seventy-five years imprisonment at hard labor on each count, to be served without the benefit of parole, probation, or suspension of sentence, plus the enhanced penalty of five years imprisonment at hard labor on each count, to be served without the benefit of parole, probation, or suspension of sentence and consecutive to the seventy-five-year sentences. The trial court ordered the sentences on counts one and two to run consecutively. The defendant now appeals, assigning as error the non-unanimous verdict on each count. For the following reasons, we set aside the convictions and sentences.

## ASSIGNMENT OF ERROR/ NON-UNANIMOUS JURY VERDICTS

In his sole assignment of error, the defendant notes that the verdicts were not unanimous in this case. The defendant contends that in light of the United States Supreme Court's holding in **Ramos v. Louisiana**, ___ U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), his convictions should be reversed and the imposed sentences should be vacated. In its appellee brief, the State concedes that the verdicts were not unanimous and that the defendant is entitled to a new trial on both counts pursuant to **Ramos**.

In **Ramos**, 140 S.Ct. at 1397, the United States Supreme Court overruled **Apodaca v. Oregon**,[2] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and

---

[1] Prior to trial, the defendant filed a motion to require a unanimous jury verdict, which was denied by the trial court.

[2] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca**. **Johnson v. Louisiana**, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.

held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos**, 140 S.Ct. at 1406; see also **State v. Cohen**, 2019-00949 (La. 1/27/21), 315 So.3d 202, 203 (per curiam) (wherein the court observed that the defendant's appeal "was pending on direct review when **Ramos v. Louisiana** was decided, and therefore the holding of **Ramos** applies").

In the instant case, following the announcement of the verdicts, the trial court conducted an oral polling of the jurors that indicates that the defendant was convicted on each count by a vote of eleven-to-one. Accordingly, as the verdicts were non-unanimous, we must set aside the convictions and sentences and remand the case to the trial court for further proceedings, consistent with the opinion and mandate of the Supreme Court of the United States. Thus, we find merit in the sole assignment of error.

**CONVICTIONS AND SENTENCES VACATED, CASE REMANDED.**